TRUSTEES OF THE ILLINOIS INSTITUTION FOR THE ED-
UCATION OF THE DEAF AND DUMB

v.

WESLEY PLATT.

BUILDING CONTRACTS—EXTRAS.—This was a claim on account of extra
work alleged to have been performed in erecting a building. The contract
between the parties provided that if any changes or extras were made or
called for, not included in the original contract, such changes and their cost
should be determined by a supplemental contract between the parties. *Held*,
that no claim for extras, except the same were specified in writing, or a
waiver of that provision of the contract is shown, can be sustained.

APPEAL from the Circuit Court of Morgan county; the Hon.
CYRUS EPLER, Judge, presiding. Opinion filed January 22,
1880.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellant;
that oral proof cannot be substituted for written evidence,
cited 1 Greenleaf's Ev. § 82; 1 Phillips on Ev. 573; Newkirk
& N. Y. & H. R. R. Co. 38 N. Y. 158.

And production of the written evidence at a subsequent
stage of the case, will not cure an erroneous admission of oral
proof already made: Harkness v. Hyde, 8 Otto, 476.

If there be no fraud or circumvention in procuring it, parties
are estopped from averring anything against their own recitals
in a written agreement: Wynkoop v. Cowing, 21 Ill. 571.

Instructions must be based on the evidence: Hamilton v.
Hunt, 14 Ill. 472; Holcomb v. Davis, 56 Ill. 413.

The court must construe the contract: Ogden v. Kirby, 79
Ill. 555; Streeter v. Streeter, 43 Ill. 155.

Instructions must not assume the existence of facts: Adams
v. Smith, 58 Ill. 417; Cusick v. Campbell, 68 Ill. 508; T. P.
& W. R. R. Co. v. Patterson, 63 Ill. 304.

Having accepted the detailed plan and acted upon it as a
part of the contract, appellee is bound by it, although not
signed: W. U. Tel. Co. v. C. & P. R. R. Co. 76 Ill. 246.

In case of doubt as to the construction of a contract, the acts of the parties may be considered, showing how they understood it: Garrison v. Nute, 87 Ill. 215; Honeyman v. Jarvis, 79 Ill. 318.

An express contract admits of no departure from its terms except by consent: Clark v. Pope, 70 Ill. 128.

Having made the architect an umpire to settle differences growing out of the contract, the parties are bound by his decision: Fowler v. Deakman, 84 Ill. 130; Wykoff v. Myers, 44 N. Y. 153; Smith v. Brady, 17 N. Y. 173; Butler v. Tucker, 24 Wend. 447.

Messrs. EPLER & CALLON, Mr. WM. H. BARNES and Mr. E. McCONNELL, for appellee; contended that the changes having been made at the request of appellants, and accepted by them, they cannot now object, because the contract therefor was not in writing, and cited Miller v. McManis, 57 Ill. 126.

McCULLOCH, J. This suit was brought by appellee against appellants to recover for extra work alleged to have been performed by him, in the building of the dining hall and hospital building, to be used in connection with the Institution for the Education of the Deaf and Dumb at Jacksonville. Appellee and one Thomas Carson, had a contract with appellants for the erection of said building, by which they agreed that they would, in the best workmanlike manner, and according to the best mechanical art and skill, well and substantially erect, build, set up and deliver finished and completed ready to be occupied, the brick and stone work and plastering of the said building, according to the plans, specifications and detail drawings furnished by E. E. Myers, architect; the work and materials to be sufficient to fully complete the building so that there should be no extras or extra charges for the entire completion of said work, except where the same should be the result of changes in the plans, materials or labor, which appellants were at liberty to make at pleasure; the plans and specifications being signed and sealed by the parties and to be considered as part of the contract. By mutual agreement, Thomas Wadell was appoint-

ed superintendent of said building, to whose directions the contractors were to conform.   In consideration of the performance of the work, appellants were to pay the contractors twenty thousand five hundred dollars, at certain stipulated periods, as the work progressed.   It was further agreed that if there should be any alterations or changes in any of the work or the materials required during the construction of the building (which appellants were at liberty to make at pleasure) they must be stated in the contract in writing, stating the work to be done or omitted, and the amount of money required in such changes or alterations, whether the same should be in the nature of additions or deductions, and therein stating the work in particular and signed by the respective parties, and the price of such alterations should be the real and true value of the work and materials added or deducted.

The specifications, which are made part of the contract, required all exterior brick work to be well and tastefully stained and tuck-pointed; that in every respect the work and materials should be performed in all its parts and places, and done in strict conformity to the orders and directions of the superintendent, and provided that all interpretations as to the true meaning and intent thereof and the several plans should be given by the superintendent, and his decision should be final.

By a supplemental agreement entered on said contract, and signed by the parties, it was agreed that the tuck-pointing should be left off and several other alterations made, which reduced the contract price to fourteen thousand one hundred and fifty-six dollars, of which reduction the item of tuck-pointing constituted a part, the same being eight hundred and seventy-two dollars.

Appellee, however, claims that the deductions only amounted to five thousand seven hundred instead of six thousand three hundred and forty-four dollars, and that the said deductions were fraudulently increased in the sum of six hundred and forty-four dollars after the same had been verbally agreed upon and before his signing the same, and that his signature to said agreement was obtained by fraud.   But we see no evidence of that fact, and so the jury seem to have found, for if they had

allowed that item they must have found for appellee in a larger sum than they did.

The contractors then went on and performed the work according to the original contract, as modified by the supplement. Appellee now claims that in lieu of the tuck-pointing, he struck all the joints of the outside brick work, for which he charges the sum of two hundred and fifty dollars extra. It is to be presumed that when the deduction was made of eight hundred and seventy-two dollars for the tuck-pointing, that all necessary estimates were made, so that the work, when finished without the tuck-pointing, should conform to the contract, which required first-class workmanship in all respects. At all events the contractors went on with the work without requiring this extra item to be inserted in the contract, or ever calling for the decision of the superintendent concerning it. Appellee it seems first inserted it in his bill at the time of the trial in the circuit court. Under these circumstances, we hold this claim invalid.

It is next claimed by appellee that he furnished and laid up twenty-two thousand brick in the towers of the building, not embraced in the plans and specifications. This item might well be left to rest upon the same grounds as the last one. It appears from the evidence, however, that when the contract was signed the detailed drawings of the towers were not present, and so were not made a part of the contract. When these detailed drawings arrived, appellee claims they showed seven feet of brick wall to be laid above the cornices, not shown or in any manner indicated in the drawings signed by the parties. For this work and the bricks therefor he charges two hundred and forty-four dollars extra.

The exterior conformation of the building was plainly shown on the drawings embodied in the contract, and should have apprised the contractors, as practical builders, of the usual requirements of such structures. Having commenced the work without detailed drawings or working plans of the tower, it was their duty, if on arrival, these detailed drawings showed anything unusual, to have made their objections before doing the work, and to have had the decision of the superintendent

upon the same. There is some slight evidence that one of them did call the attention of the superintendent to the fact, but not in such a way as to amount to an objection to doing the work under the contract, or a demand for a decision upon a disputed point. Appellants were never asked to insert this work as an extra into the contract, nor until after the work was done and about to be settled for under the contract, was any claim made for payment therefor.

The contract substantially provided that the contractors should furnish all labor and materials to finish and complete the brick work without any extra charge, and if changes should be made they should be specified in writing, and the amount of increase or decrease of cost specified. There can, therefore, be no claim sustained for extras except such as are specified in the writing, unless it can be shown that appellants had waived this provision. This latter claim cannot therefore be allowed.

The suit is brought by appellee as surviving partner, Carson having died before suit brought. He having failed, for the reasons stated, to show any right to receive anything over and above the contract price according to the contract as modified, and having received his pay for that, the judgment will be reversed.

Judgment reversed.